```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
MONIKA KAPOOR,

                Petitioner,

        -against-

VINCENT F. DEMARCO, United States
Marshal for the Eastern District of New
York, and ROBERTO CORDEIRO,
Chief Pretrial Services Officer for the
Eastern District of New York,

                Respondents.
--------------------------------------------------x
```

**MEMORANDUM AND ORDER**
Case No. 16-CV-5834-FB

*Appearances:*
*For the Petitioner:*
AMY NUSSBAUM GELL
Gell & Gell
299 Broadway, Suite 620
New York, New York 10007

*For the Respondents:*
MEREDITH A. ARFA
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

The Secretary of State has ordered Monika Kapoor extradited to India to face criminal charges there. In response, Kapoor filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.

To bring the case up to date, the Court held oral argument on November 18, 2021, and allowed the parties to file supplemental post-argument briefs. Having considered all the parties' written submissions, as well as their oral arguments, the

1

Court denies the petition.

I

Kapoor is a native and citizen of India. She entered the United States in approximately 1999 and overstayed her visa. She was placed in removal proceedings in March 2010. She applied for asylum, withholding of removal and relief under the United Nations Convention Against Torture ("CAT").

In April 2010, an Indian court issued a warrant for Kapoor's arrest based on five violations of the Indian Penal Code. In October 2010, the Indian government submitted a formal request for extradition to the United States. In response, the United States government sought an arrest warrant and judicial certificate of extraditability. As a result of the extradition proceedings, the removal proceedings were held in abeyance.

Kapoor was arrested and released on bail. Magistrate Judge Levy held an extradition hearing and, on April 17, 2012, certified that Kapoor was extraditable. He declined to revoke her bail.

Kapoor then filed a petition for a writ of *habeas corpus* challenging Magistrate Judge Levy's certification. The Court denied the petition. *See Kapoor v. Dunne*, No. 12-CV-3196, 2014 WL 1803271 (E.D.N.Y. May 7, 2014). The Second Circuit affirmed. *See Kapoor v. Dunne*, 606 F. App'x 11 (2d Cir. 2015).

Kapoor then asked the Department of State to deny extradition on the ground that she would face serious harm if returned to India. On September 18, 2015, then-Deputy Secretary of State Antony Blinken issued an extradition surrender warrant.

A letter sent to Kapoor a week later explained that the decision was made "[f]ollowing a review of all pertinent information, including the materials directly submitted to the Department of State." Resps.' Mem. of Law, Ex. F. It further noted that CAT obligated the United States "not to extradite a person to a country where there are substantial grounds for believing that he would be in danger of being subjected to torture" and that "this obligation involves consideration of whether a person facing extradition from the U.S. is more likely than not to be tortured in the State requesting extradition." *Id.* (internal quotation marks omitted). It concluded by "confirm[ing] that the decision to surrender Monika Kapoor to India complies with the United States' obligations under the Convention and its implementing statute and regulations." *Id.*

On October 7, 2015, Kapoor filed a petition for a writ of *habeas corpus* challenging the Secretary of State's extradition decision. After the Secretary of State agreed to consider any new materials Kapoor wished to submit in support of her CAT claim, she withdrew the petition without prejudice to renewal if the Secretary did not deny extradition.

On August 4, 2016, a letter from the Department of State advised Kapoor that it had "decided to reaffirm the prior authorization" of her extradition. Pet., Ex. G. It stated that the decision had been made "[f]ollowing a review of all pertinent information, including th[e] newly-provided materials," and once again "confirmed that the decision to surrender Monika Kapoor to India complies with the United States' obligations under the Convention [Against Torture] and its implementing statute and regulations." *Id.*

In response, Kapoor filed the present *habeas* petition. Magistrate Levy continued her bail pending resolution of the petition.

## II

Kapoor's central claim is that she will likely be tortured if returned to India, in violation of CAT. While the United States is a signatory to that treaty, it is not self-executing. *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003). "Unless a treaty is self-executing . . . , it does not, in and of itself, create individual rights that can give rise to habeas relief." *Id.* Rather, Kapoor must rely on rights "containing in [the treaty's] implementing statutes and regulations." *Yuen Jin v. Mukasey*, 538 F.3d 143, 159 (2d Cir. 2008).

CAT was implemented by the Foreign Relations Authorization Act ("FRAA"), which declares that the United States will not "expel, extradite, or otherwise effect the involuntary return of any person to a country in which there

4

are substantial grounds for believing the person would be in danger of being subjected to torture, regardless of whether the person is physically present in the United States." Pub. L. 105-277, § 2242(a), 112 Stat. 2681 (1998). It then declares, however, that "nothing in this section shall be construed as providing any court jurisdiction to consider or review claims raised under the Convention or this section, or any other determination made with respect to the application of the policy set forth in subsection (a), except as part of the review of a final order of removal pursuant to section 242 of the Immigration and Nationality Act (8 U.S.C. 1252)." *Id*. § 2242(d).

In *Wang*, the Second Circuit held that this statutory provision did not deprive federal courts of jurisdiction to address CAT claims in the context of a habeas corpus petition. *See* 320 F.3d at 141. Two years later, Congress passed the REAL ID Act, which provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture." 8 U.S.C. § 1252(a)(4). The D.C. Circuit has held that "the REAL ID Act thus confirms that [a detainee] possesses no statutory right to judicial review of conditions in the receiving country." *Omar v. McHugh*, 646 F.3d 13, 18 (D.C. Cir. 2011).

Kapoor argues that Congress cannot constitutionally suspend the writ of

5

habeas corpus. It is true that the Constitution's Suspension Clause protects access to the writ unless it is suspended "in cases of rebellion of invasion." However, the clause "protects the writ as it existed when the Constitution was drafted and ratified." *Boumediene v. Bush*, 553 U.S. 723, 746 (2008). As *Omar* explains, the writ was not historically available to those facing extradition: "Those facing extradition traditionally have not been able to maintain habeas claims to block transfer based on conditions in the receiving country. Rather, applying what has been known as the rule of non-inquiry, courts historically have refused to inquire into conditions an extradited individual might face in the receiving country." 646 F.3d at 19 (citing *Munaf v. Geren*, 553 U.S. 674 (2008), and *Neely v. Henkel*, 180 U.S. 109 (1901)).

It does not follow that Kapoor has no venue to raise her CAT claim. FRAA directs "the heads of the appropriate agencies [to] prescribe regulations to implement the obligations of the United States under [CAT.]" Pub. L. 105-277, § 2242(b). The Secretary of State has done so in the context of extradition:

> (a) In each case where allegations relating to torture are made or the issue is otherwise brought to the Department's attention, appropriate policy and legal offices review and analyze information relevant to the case in preparing a recommendation to the Secretary as to whether or not to sign the surrender warrant.
>
> (b) Based on the resulting analysis of relevant information, the Secretary may decide to surrender the fugitive to the requesting State, to deny surrender of the fugitive, or to surrender the

6

fugitive subject to conditions.

22 C.F.R. § 95.3. The Ninth Circuit has held that this procedure creates a "narrow liberty interest" under which the Secretary of State "*must* make a torture determination before surrendering an extraditee who makes a CAT claim." *Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956-57 (9th Cir. 2012) (en banc). Beyond that, however, "[t]he doctrine of separation of powers and the rule of non-inquiry block any inquiry into the substance of the Secretary's declaration." *Id.* at 957 (citing *Munaf*, 553 U.S. 674). No circuit court has afforded any broader habeas review to extraditees.

In this case, the State Department has twice affirmed that it considered Kapoor's claim but decided that her extradition would not violate CAT. Having ensured that the department made the requisite determination, the Court can award no further relief.

### III

Accordingly, the petition for a writ of *habeas corpus* is denied.

**SO ORDERED.**

    /S/ Frederic Block    
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 20, 2022

7