UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
MONIKA KAPOOR,

                Petitioner,   **MEMORANDUM AND ORDER**
                                                                       Case No. 16-CV-5834 (FB)

  -against-

VINCENT F. DEMARCO, United States
Marshal for the Eastern District of
New York, and ROBERTO CORDEIRO,
Chief Pretrial Services Officer for the
Eastern District of New York,

                Respondents.
--------------------------------------------------x

*Appearances:*
| For the Petitioner: | For the Respondents: |
|---|---|
| AMY NUSSBAUM GELL | MEREDITH A. ARFA |
| Gell & Gell | Assistant United States Attorney |
| 299 Broadway, Suite 620 | Eastern District of New York |
| New York, New York 10007 | 271 Cadman Plaza East |
|  | Brooklyn, New York 11201 |

**BLOCK, Senior District Judge:**

       On March 26, 2025, the Second Circuit affirmed the denial of Monika Kapoor's petition for a writ of habeas corpus, agreeing with the Court that it lacks jurisdiction to review the Secretary of State's determination that Kapoor's extradition to India would not violate the Convention Against Torture ("CAT"). *See Kapoor v. DeMarco*, 132 F.4th 595, 614 (2d Cir. 2025).   Mandate issued on May 30, 2025.

The government now asks the Court to order Kapoor's detention pending her surrender to Indian authorities. Its request should have been made in the underlying extradition proceeding, in which Magistrate Judge Levy ordered Kapoor's detention but granted bail. However, its error is purely formal; any decision by Magistrate Judge Levy on the government's request would no doubt lead to de novo review by the Court. *See United States v. Al-Nouri*, 983 F.3d 1096, 1098 (9th Cir. 2020) ("To the extent a magistrate judge has been assigned the Article III power to make bail decisions [in extradition proceedings], either implicitly by custom or expressly by local rules, such decisions may be reviewed de novo by the district court upon application by a party."). To avoid further prolonging these already protracted proceedings, the Court will address the request.

After issuing a certificate of extraditability, Magistrate Judge Levy continued Kapoor's bail to allow her "to petition for relief in another forum, for example before Judge Block, where she intends to renew a habeas petition, or the Second Circuit." *United States v. Kapoor*, Case No. 11-MJ-456-RML (E.D.N.Y. Minute Entry of Sept. 24, 2016). Both this Court and the Second Circuit have now denied relief.

Kapoor notes that she has petitioned the Supreme Court to review the Second Circuit's decision. She asks, in effect, for a stay pending resolution of

2

that petition. Such a stay "is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotation marks and citations omitted). Thus, in addition to showing irreparable harm, Kapoor "must make a strong showing that [she] is likely to succeed on the merits." *Trump v. CASA, Inc.*, ____ S. Ct. ____, 2025 WL 1773631, at *6 (quoting *Nken*, 556 U.S. at 434).

Three circuit courts have concluded that district courts have no habeas jurisdiction to review CAT claims by extraditees. *See Kapoor*, 132 F.4th at 609 (citing *Omar*, 646 F.3d 13, 18 (D.C. Cir. 2011), and *Mironescu v. Costner*, 480 F.3d 664, 676 (4th Cir. 2007)). The Ninth Circuit has held that "a district court may do no more than confirm that the Secretary of State had actually considered the extraditee's CAT claim and found it was not 'more likely than not' that the extraditee will face torture if extradited." *Id.* (citing *Trinidad y Garcia v. Thomas*, 683 F.3d 952, 957 (9th Cir. 2012) (en banc). Since the Court, in an abundance of caution, "ensured that the [State Department] made the requisite determination," *Kapoor v. Demarco*, 2022 WL 4357498, at *3 (E.D.N.Y. Sept. 20, 2022) (citing *Trinidad y Garcia*), there is no likelihood, strong or otherwise, that the Supreme Court will grant Kapoor's petition to resolve a circuit split as to the availability of habeas review in this context.

3

Kapoor further notes that she has raised a CAT claim in pending removal proceedings. But those proceedings will determine whether Kapoor is removable under the immigration laws. Regardless of their outcome, she is still *extraditable* under the United States's treaty obligations. As the Court has already explained, CAT claims by extraditees are resolved by the Department of State, *see Kapoor*, 2022 WL 4357498, at *3; the Second Circuit's decision confirms that those resolutions are final.

In sum, the Secretary of State has issued a warrant for Kapoor's extradition to India. Except for the remote chance of Supreme Court intervention, judicial review of her extraditability—and, therefore, the basis for her bail—is at an end. Accordingly, bail is revoked and the U.S. Marshals Service is ordered to take Kapoor into custody for purposes of extradition and surrender to the Republic of India. Kapoor shall have until 9 a.m. on Monday, July 7, 2025, to self-surrender, after which this memorandum and order shall constitute a warrant for her arrest.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 1, 2025